UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARY ESTES,                                   :
                                              :        ORDER
                   Plaintiff,                 :        14-CV-1300 (JFB)(SIL)
                                              :
                   – against –                :
                                              :
TOYOTA FINANCIAL SERVICE,                     :
                                              :
                   Defendant.                 :
-------------------------------------------------------------X

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    JAN 1 2 2015    ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On February 28, 2014, *pro se* plaintiff Mary Estes ("Estes" or "plaintiff") brought this civil rights action under 42 U.S.C. § 1983 challenging the validity of her car loan agreement with defendant Toyota Financial Service ("Toyota" or "defendant"), asserting a violation of the Takings Clause of the Fifth Amendment of the United States Constitution. On May 20, 2014, defendant moved to dismiss the claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This Court referred that motion to Magistrate Judge Wall on July 15, 2014. That referral was reassigned to Magistrate Judge Locke on July 31, 2014.

On October 28, 2014, Magistrate Judge Locke issued a Report and Recommendation ("R&R") recommending that the Court deny defendant's motion to dismiss under Rule 12(b)(1), but grant the motion to dismiss under Rule 12(b)(6). Specifically, Magistrate Judge Locke concluded that (1) defendant's argument that it was not a state actor for the purposes of a Section 1983 violation was not grounds for dismissal under Rule 12(b)(1); (2) the only factual allegations set forth in the complaint are limited to the fact of the loan, the fact that plaintiff demanded "validation" of her debt and prescribed the method of that validation, and the fact that defendant did not follow her prescribed method; (3) it is clear from the pleadings that defendant is a private entity, and therefore

there is no set of facts plaintiff could allege to state a plausible claim for relief under Section 1983 and the Fifth Amendment, so the claim should be dismissed under Rule 12(b)(6); (4) plaintiff submitted an affidavit invoking the Truth in Lending Act ("TILA"), Fair Debt Collection Practices Act ("FDCPA"), and "HJR-192," which plaintiff alleges to be a 1933 Act of Congress involving the gold standard; and (5) though plaintiff did not seek leave to file an amended complaint, she should be granted leave to amend to add claims under the TILA and the FDCPA, but not HJR-192 because courts have universally rejected such claims. The R&R stated that "[a]ny written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report," and that failure to file objections within that period will preclude further review of the R&R. (R&R, at 7.) Plaintiff timely filed objections on November 7, 2014, and defendant timely replied on November 21, 2014.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district

2

judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

Plaintiff's brief objections simply repeat her claims that Toyota did not validate her debt in accordance with her demands, making various allegations that there was no valid debt created and that defendant failed to sign a "wet ink" contract, and attaching a copy of her validation demand and a letter to the Court regarding same. Plaintiff does not address Magistrate Judge Locke's conclusion that defendant is a private entity and, therefore, not subject to a claim under Section 1983 and the Fifth Amendment. Specifically, plaintiff does not (and indeed cannot) allege any facts in either her complaint or her objections that could plausibly suggest defendant is not a private entity. Given that, her claims under Section 1983 and the Fifth Amendment must be dismissed under Rule 12(b)(6).

With respect to granting plaintiff leave to amend her complaint, her affidavit filed in support of her unsuccessful motion for a preliminary injunction and temporary restraining order do reference the TILA and the FDCPA. (*See* ECF Dkt. No. 3.) The Second Circuit instructs that a district court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted). Although plaintiff's references to the TILA and the FDCPA were made only in passing with respect to defendant's alleged failure to validate her debt in accordance with her demand, the Court agrees with Magistrate Judge Locke that, given plaintiff's *pro se* status and this Circuit's policy favoring granting *pro se* plaintiffs leave to amend, plaintiff should have the opportunity to amend her complaint to add claims under the TILA and the FDCPA.

3

Having conducted a *de novo* review of the R&R, and having considered plaintiff's objections, the Court adopts the analysis and recommendation in the thorough and well-reasoned R&R from Magistrate Judge Locke in their entirety. Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss is granted, and plaintiff is granted leave to amend the complaint to include claims and supporting allegations under the TILA and/or the FDCPA within 30 days. Plaintiff's failure to amend the complaint by February 18, 2015 will result in the dismissal of plaintiff's case with prejudice for failure to prosecute.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2015
Central Islip, New York

4