# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

№ 14-CV-1300 (JFB)(SIL)

MARY ESTES,

Plaintiff,

VERSUS

TOYOTA FINANCIAL SERVICE,

Defendant.

**MEMORANDUM AND ORDER**
June 22, 2015

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Mary Estes ("Estes" or "plaintiff") brings this action against defendant Toyota Financial Service ("Toyota" or "defendant"), alleging violations of her rights under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Although the underlying facts of plaintiff's claims are difficult to discern, plaintiff, who obtained an auto loan from Toyota in order to purchase a 2013 Toyota Tundra, appears to allege that defendant violated the FDCPA and/or the TILA by "steer[ing] its customers to their own loan agents to finance the products that Toyota is selling to its customers," and by failing to provide her with required disclosures with respect to her loan. (Am. Compl., ECF No. 22, at 1.)

The Court previously dismissed plaintiff's claims against defendant under 42 U.S.C. § 1983 for an alleged violation of the Takings Clause of the Fifth Amendment of the United States Constitution because defendant is a private entity, but allowed plaintiff leave to replead in order to allege claims under the TILA and the FDCPA, after she submitted an affidavit referencing those statutes as part of her opposition to the first motion to dismiss. Plaintiff filed an amended complaint, and defendant now again moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that, even after repleading, plaintiff fails to allege a plausible claim. For the following reasons, the Court agrees and grants the motion in its entirety.

I. BACKGROUND

A. Factual Background

The following facts are taken from the amended complaint and from the parties' submissions. For purposes of this motion, the Court also assumes familiarity with Magistrate Judge Locke's Report and

1

Recommendation ("R&R"), issued on October 28, 2014, and this Court's Memorandum and Order adopting the R&R, issued on January 13, 2015 (the "January 13 Order"). As Magistrate Judge Locke noted in his R&R, the facts asserted by plaintiff in her original pleading were limited, and her amended complaint does not add any further particularized allegations. The Court assumes these facts to be true for purposes of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

In the January 13 Order, the Court dismissed plaintiff's federal claim, but allowed plaintiff to file an amended complaint in order to bring claims under the FDCPA and the TILA. Thus, the brief factual background set forth below will only discuss plaintiff's allegations regarding these claims.

At some unspecified time, plaintiff purchased a 2013 Toyota Tacoma from a Toyota car dealership, obtaining financing from Toyota Financial Services under which she was obligated to make monthly payments. (Am. Compl. at 1.) At some point thereafter, plaintiff alleges she sent defendant a "notice and demand to validate this debt and claim," in which she requested that defendant "produce the original signed contract to validate the debt in order for [plaintiff] to continue honoring said contract." (*Id.*) Plaintiff alleges that the defendant to date has failed to "validate" her debt by providing the requested information. (*Id.* at 1-2.)

Plaintiff appears to allege that the loan amount "was never credited to the borrower's account with a deposit slip given to the depositor Mary Estes." (*Id.* at 2.) Plaintiff alleges that, as part and parcel of defendant's failure to respond to her demand for validation, defendant has also "failed to produce a contract with her signature on the contract, evidencing acceptance of the contract." (*Id.*) Plaintiff alleges that her loan documents are, therefore, not a lawful and binding contract, and she is entitled to cancel the contract with defendant. (*Id.* at 2-3.)

B. Procedural Background

Plaintiff filed the complaint on February 28, 2014. Defendant moved to dismiss or, in the alternative, for summary judgment on May 20, 2014. Plaintiff opposed on June 19, 2014. Defendant replied on July 7, 2014. The Court referred the motion to Magistrate Judge Locke for an R&R on July 15, 2014. The R&R was issued on October 28, 2014, and the Court issued its Memorandum and Order adopting the R&R on January 13, 2015, dismissing the complaint but allowing plaintiff leave to replead with the specified FDCPA and TILA claims.

Plaintiff filed her amended complaint on February 5, 2015. Defendant moved to dismiss on February 19, 2015. Plaintiff opposed on March 17, 2015. Defendant replied on April 2, 2015. The matter is fully submitted, and the Court has fully considered the submissions of the parties.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Supreme Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679 (explaining that though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting and citing *Twombly*, 550 U.S. at 556-57 (internal citation omitted)).

"Courts are obligated to construe the pleadings of a *pro se* plaintiff liberally." *McCluskey v. N.Y. State Unified Ct. Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). However, a *pro se* plaintiff's complaint must still "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (summary order) (citing *Iqbal*, 556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

In adjudicating a motion to dismiss, the Court may consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003).

III. DISCUSSION

Defendant moves to dismiss the amended complaint, arguing that plaintiff still fails to state any valid claims because: (a) the FDCPA does not apply to a creditor attempting to collect on a debt that the creditor itself owns, as Toyota was doing in this case; and (b) plaintiff does not allege with sufficient particularity the deficiencies in the disclosures made by defendant to support a claim under the TILA. (Def.'s Mem. in Support of Mot. ["Mot."], ECF No. 24, at 5-6.) Plaintiff responds that she has pled adequate facts in support of each claim, and states that defendant is "try[ing] to play the stupid game on the Plaintiff and court."[1]

---

[1] Plaintiff also asserts in her opposition to the motion to dismiss that the Court erred by failing to enter a default judgment against defendant earlier in the case when it purportedly failed to timely respond. (*See* (Pl.'s Mem. in Opp. ["Opp."], ECF No. 26, at 1-2.) Plaintiff is incorrect. As an initial matter, plaintiff was

3

(Pl.'s Mem. in Opp. ["Opp."], ECF No. 26, at 2.) The Court will address each of plaintiff's claims in turn.

### A. The FDCPA

Congress created the FDCPA to respond to the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a); *see Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2003). Finding that such practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy," the FDCPA aims "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §§ 1692(a), 1692(e).

The FDCPA, however, only prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. The statute defines "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Specifically excluded from the definition of debt collector are "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor" and "any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control." *Id.* "Thus, by its terms, the FDCPA limits its reach to those collecting the dues 'of another' and does not restrict the activities of creditors seeking to collect their own debts." *Somin v. Total Cmty. Mgmt. Corp.*, 494 F. Supp. 2d 153, 159 (E.D.N.Y. 2007) (collecting cases).

In this case, defendant argues that plaintiff cannot state a claim under the FDCPA because defendant is plaintiff's direct creditor, and the collection activities were related to a debt owed to defendant itself. The Court agrees. Plaintiff clearly alleges that the debt collection about which she complains is derived from the loan she allegedly entered into with defendant when she purchased a car from a Toyota dealership. (*See, e.g.*, Am. Compl. at 1 ("My current

---

not entitled to a default judgment because she never obtained an entry of default from the Clerk of the Court. *See, e.g.*, *Fairman v. Hurley*, 373 F. Supp. 2d 227, 231 (W.D.N.Y. 2005) ("Without first obtaining an entry of default, plaintiff cannot obtain a default judgment from this Court."). Defendant's answer to the complaint was due on March 25, 2014. (ECF No. 6.) Plaintiff's request for a certificate of default was entered with the Clerk's Office on April 2, 2014. (ECF No. 7.) On April 3, 2014, before the Clerk's Office responded to plaintiff's request, defendant filed a notice of appearance and a motion for extension of time to answer the complaint (ECF Nos. 8-9), which Magistrate Judge William Wall granted the same day by electronic order. Due to defendant's appearance and the grant of the extension, the Clerk's Office denied plaintiff's request for a certificate of default on April 10, 2014, because the Clerk will enter the default of a party only if that party "has failed to plead or otherwise defend" the action. Fed. R. Civ. P. 55(a). Plaintiff, therefore, never had a motion for default judgment before this Court. Furthermore, under these circumstances, where it is clear that defendant did not actually abandon or fail to defend the action, and where there was no prejudice to plaintiff by the short delay caused by defendant, plaintiff was not entitled to a default judgment. Default judgments 'are generally disfavored and are reserved for rare occasions.'" *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

amended claims are based on fall under [sic] TILA and FDCPA, it is illegal for Toyota to steer its customers to their own loan agents to finance the products that Toyota is selling to its customers.").) Plaintiff's correspondence with defendant regarding her demand for validation of the debt and the "wet ink" contract also indicates her understanding that defendant was attempting to collect on its own debt, not on a debt "owed or due or asserted to be owed or due another."[2] 15 U.S.C. § 1692(a)(6). Defendant, therefore, does not fall under the definition of "debt collector" in the FDCPA. Other courts in the Second Circuit when evaluating motions to dismiss FDCPA claims against car loan originators have come to the same conclusion. *See, e.g.*, *Reid v. Toyota Motor Credit Corp.*, No. 12 Civ. 7436 (PAC)(JLC), 2013 WL 1397143, at *7 (S.D.N.Y. Apr. 8, 2013) (Plaintiff "does not state a claim against Toyota under the FDCPA because Toyota is his creditor, not a debt collector."), *report and recommendation adopted*, No. 12 CIV. 7436 PAC JLC, 2013 WL 3776201 (S.D.N.Y. July 18, 2013); *Masudi v. Ford Motor Credit Co.*, No. 07-CV-1082 (CBA)(LB), 2008 WL 2944643, at *3 (E.D.N.Y. July 31, 2008) ("Ford Motor Credit Co. is not a 'debt collector' under the FDCPA.")

Plaintiff, therefore, has failed to state a claim under the FDCPA, and defendant's motion to dismiss with respect to that claim is granted.

B. The TILA

The TILA, unlike the FDCPA, is applicable to creditors, and "was enacted to assure meaningful disclosure of credit terms, avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." *McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578, 583 (E.D.N.Y. 2005) (citing, *inter alia*, 15 U.S.C. §§ 1601-65(b) and *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980)). "Failure to make a required disclosure and satisfy the Act may subject a lender to statutory and actual damages that are traceable to the lender's failure." *Id.* When it enacted the TILA, "Congress delegated authority to the Federal Reserve Board of Governors to promulgate implementing regulations and interpretations known as Regulation Z." *Id.* (citing 15 U.S.C. § 1604(a)). According to Regulation Z, the provisions of the TILA apply to creditors that regularly offer or extend credit for personal, family, or household purposes, and that is payable by agreement in more than four installments, or subject to a finance charge. *Id.* (citing 12 C.F.R. § 226.1). Personal auto loans, such as plaintiff's, fall under this rubric.

"In general, TILA requires creditors to disclose, among other things, all finance charges and prepayment provisions." *Id.* (citing 12 C.F.R. § 226.18). Regulation Z provides an extensive list of the disclosures that a creditor is required to provide to a borrower, including the identity of the creditor, the amount financed, the finance charges, the payment schedule, and so forth. 12 C.F.R. § 226.18.

Plaintiff here states that Toyota "failed to give disclosure statement to comply with the Truth in Lending Act (TILA) 15 U.S.S.

---

[2] Plaintiff does allege elsewhere in her amended complaint that "Toyota has allegedly sold the original loan and promissory note that was used to produce the acquisition of the 2013 Toyota Tacoma." (Am. Compl. at 1.) Plaintiff does not further explain that allegation, which is contradicted by statements elsewhere in her complaint, by defendant's submissions in which it acknowledges ownership of the debt, and by correspondence (allegedly sent by Toyota in response to plaintiff's request for validation of the debt) attached by plaintiff to her original complaint. (Compl. Ex. 1, ECF No. 1-1.)

5

1601.65 as implemented by Regulation Z, 12 C.F.R. 226.1-226." (*See* Am. Compl. at 1.) Plaintiff does not, however, actually identify anywhere in the amended complaint what material disclosures defendant failed to provide to her. Defendant argues in its motion to dismiss that plaintiff, therefore, has failed to state a claim under the TILA because she "fails to allege any specific deficiency in or noncompliance in connection with the disclosure requirements contained in Regulation Z, other than conclusory allegations and bare legal conclusions which are insufficient to survive a motion to dismiss." (Mot. at 6.) Plaintiff replies in her opposition that:

> Let it be noted that specially when a truth in lending disclosure is required the lender must tell the borrower (A) the exact amount borrowed, (B) the total amount of all payments, (C) the annual percentage rate (APR). This APR disclosure usually is the lender's downfall whereas mistakes are made because it must include upfront costs such as loan fees. . . . I suspect Toyota Financial Services my lender made a false truth in lending loan disclosure by not giving to the plaintiffs all disclosure information required under Regulation Z or requested by the Plaintiff. The typical interest rate is not more than 1% interest on an average of not more than 2.5%, whereas I am being charged 6.49%. Way above the norm.

(Opp. at 4.) Plaintiff, therefore, appears not to be complaining about a failure to disclose material information, but rather that she believes her loan rate was unfair because it was higher than what she asserts to be the norm. In fact, plaintiff attaches a copy of her Toyota "Retail Installment Contract" to her opposition to the current motion to dismiss, and identifies her loan rate, finance charge, and loan amount/schedule in her opposition. (*Id.* at 2, 40-47.) Plaintiff thus seemingly concedes that she received all material disclosures. Even accepting all of plaintiff's allegations as true, her conclusory statement that defendant failed to provide her with sufficient disclosure does not state a plausible claim under the TILA. *See Jeffries v. Wells Fargo Bank, NA*, No. 10-CV-5889, 2011 WL 5023396, at *4 (N.D. Ill. Oct. 19, 2011) (granting motion to dismiss on plaintiff's TILA claim because "she has not identified any disclosure violation at all, let alone a defect apparent on the face of any disclosure statement. Rather, she asserts that Wells Fargo 'violated TILA by failing to provide Plaintiffs with accurate material disclosures required under TILA.'") (citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461 (7th Cir. 2010) (affirming dismissal of TILA claim that failed to identify which "material disclosures" were not provided)).

Accordingly, plaintiff has failed to adequately plead a plausible claim under the TILA, and defendant's motion to dismiss is granted.

C. Leave to Amend

Plaintiff requests leave to amend her complaint again should the Court grant defendant's motion, so the Court has considered whether she should again be afforded an opportunity to replead her claims. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that, where plaintiff proceeds *pro se*, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (internal citations and quotation marks omitted)). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted,

6

may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Plaintiff has already been given an opportunity to replead her claims under the FDCPA and the TILA, and Magistrate Judge Locke in his R&R gave plaintiff specific instructions as to the deficiencies that needed to be corrected. (ECF No. 18 at 6-7.) Plaintiff has since amended the complaint, and has submitted an opposition memorandum/affidavit that the Court has considered as well, and she has still failed to allege a plausible claim against defendant. Moreover, the Court believes that further amendment of plaintiff's claims would be futile, given the inapplicability of the FDCPA to defendant, and plaintiff's concessions with respect to the disclosures made by defendant for the purposes of the TILA. Under these circumstances, the Court declines to grant plaintiff yet another opportunity to replead. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 72 (2d Cir. 1996) (noting that the Second Circuit has "upheld decisions to dismiss a complaint without leave to replead when a party has been given ample prior opportunity to allege a claim") (citing *Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983) ("Because the complaint whose allegations were being considered by the district court was plaintiffs' second amended complaint, the district court did not abuse its discretion in refusing to give plaintiffs a fourth attempt to plead.")); *Iwachiw v. New York City Bd. of Educ.*, No. 00-CV-2341 (JFB)(WDW), 2007 WL 433401 (E.D.N.Y. Feb. 5, 2007) (same). Accordingly, leave to replead is denied.

IV. CONCLUSION

For the foregoing reasons, the Court grants defendant's motion and dismisses the amended complaint in its entirety with prejudice. The Clerk of the Court shall close this case and enter judgment accordingly.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: June 22, 2015
Central Islip, NY

\*\*\*

Plaintiff proceeds *pro se*. Defendant is represented by Nana Japaridze, Esq., Reed Smith LLP, 599 Lexington Avenue, New York, NY 10022.